UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>       Plaintiff,<br><br>    v.<br><br>WEST COUNTY DETENTION FACILITY, et al.,<br><br>       Defendants. | Case No. 25-cv-05133-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 5 |

**INTRODUCTION**

     Eric Murillo, a detainee at Martinez Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **December 22, 2025**. Failure to file a proper amended complaint by December 22, 2025, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A.    Standard of Review**

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

Plaintiff alleges as follows: In May 2025, he requested this his cell window be cleaned and sprayed due to spiders. (Dkt. No. 1 at 2.) Custody staff informed him that it would eventually be done but facility services was backed up. (*Id.*) Plaintiff told staff that he killed three spiders and had spider bites but was informed they could not do anything and that the request was routed to facility services. (*Id.* at 3.) Several days later a spider landed on Plaintiff, and he states that he has arachnophobia, but staff ignored his requests for help. Medical personnel treated plaintiff for the spider bites, but now he has a bump on his chest. Plaintiff was later moved to a different cell. (*Id.*)

C.     Analysis

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id*. at 536-37. "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024).

Denying a pretrial detainee "the minimal civilized measure[s] of life's necessities," including sanitation needs, may amount to a constitutional violation. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15, as amended, 75 F.3d 448 (9th Cir. 1995).

Plaintiff's allegations fail to present a cognizable claim. He has not shown that the spiders in the cell constituted punishment by jail officials or that the spiders denied him the minimal civilized measures of life's necessities. The complaint is dismissed with leave to amend to provide more specific information regarding the spiders and how the conditions of the cell violated his constitutional rights. Plaintiff should also specify when he was moved to a different cell.

Plaintiff also requested the appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power

to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff argues that this case is complex, and he will have difficulty prosecuting the action due to his confinement. (Dkt. No. 5 at 2.) These circumstances are not sufficiently "exceptional" to warrant appointment of counsel at this time. The Court determines that this action does not present complex legal issues, and Plaintiff has ably prosecuted this case and several other actions in this Court. It is too early in this litigation for the Court to determine the likelihood of success on the merits. The motion is denied without prejudice.

## CONCLUSION

The motion to appoint counsel (Dkt. No. 5) is DENIED without prejudice. The complaint is DISMISSED with leave to file an amended complaint on or before **December 22, 2025**. The amended complaint must include the caption and civil case number used in this order (25-5133 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The first amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 12, 2025

RITA F. LIN
United States District Judge